Jason A. Geller (SBN 168149)
jgeller@fisherphillips.com
Annie Lau (SBN 302438)
alau@fisherphillips.com
FISHER & PHILLIPS LLP
One Embarcadero Center, Suite 2050
San Francisco, CA 94111
Telephone: 415/490-9000
Facsimile: 415/490-9001

Attorneys for Defendant
BROOKDALE HEALTHCARE & WELLNESS CENTRE, LP

# UNITED STATES DISTRICT COURT

# NORHTERN DISTRICT OF CALIFORNIA

# OAKLAND DIVISION

| | |
|---|---|
| KESETE B. HINTSA,<br><br>               Plaintiff,<br><br>vs.<br><br>ROCKPORT HEALTH SERVICES dba WINDSOR HEALTHCARE CENTER OF OAKLAND A CALIFORNIA CORPORATION<br><br>               Defendant. | CASE NO. 4:16-cv-04045-YGR<br><br>**JOINT STIPULATION TO SUBMIT ACTION TO BINDING ARBITRATION AND STAY THE CASE; [PROPOSED] ORDER**<br><br>Complaint Filed: July 18, 2016 |

**IT IS HEREBY STIPULATED** by and between KESETE B. HINTSA (hereinafter "Plaintiff"), and BROOKDALE HEALTHCARE & WELLNESS CENTRE, LP (hereinafter "Defendant"), incorrectly named Rockport Health Services dba Windsor Healthcare Center of Oakland, that the entire above-captioned action, KESETE B. HINTSA vs. ROCKPORT HEALTH SERVICES dba WINDSOR HEALTHCARE CENTER OF OAKLAND A CALIFORNIA CORPORATION (Case No. 4:16-CV-04045-YGR), shall be submitted to binding arbitration pursuant to the arbitration agreement signed by Plaintiff in relation to his employment with Defendant. Attached hereto as Exhibit "A" is a true and correct copy of the pre-dispute arbitration agreement executed by Plaintiff, whereby Plaintiff and Defendant agreed to arbitrate any and all claims arising out of Plaintiff's employment with Defendant.

IT IS HEREBY FURTHER STIPULATED AND AGREED, by and between the parties hereto, through their counsel of record, as follows:

1.      The above-entitled action, KESETE B. HINTSA vs. ROCKPORT HEALTH SERVICES dba WINDSOR HEALTHCARE CENTER OF OAKLAND A CALIFORNIA CORPORATION (Case No. 4:16-CV-04045-YGR), shall be immediately stayed and submitted to binding arbitration pursuant to the arbitration agreement executed by Plaintiff, the provisions of which are incorporated herein by reference, see Exhibit "A," and pursuant to the requirements set forth in *Armendariz v. Foundation Health Psychcare Services, Inc*. (2000) 24 Cal.4th 83.

2.      The arbitration agreement executed by Plaintiff satisfies the requirements set forth in *Armendariz v. Foundation Health Psychcare Services, Inc.* (2000) 24 Cal.4th 83, and the parties intend to comply with the requirements of *Armendariz*, including, but not limited to the requirement that Defendant pay all costs that are unique to the arbitration, the requirement that the arbitrator issue a written arbitration decision including the essential findings and conclusions upon which the award is based, and the requirement that all statutorily-imposed remedies shall be available to the parties in arbitration.

3.      Each party shall be entitled to conduct general discovery as provided by applicable Federal law without an order from the arbitrator and not only those provisions specifically applicable to arbitrations.   This discovery shall be in addition to, and not limited by, the provisions of the Federal Arbitration Act, or other provisions purporting to limit discovery in arbitration proceedings.

4.      All rules of pleading, all rules of evidence, all rights to resolution of the dispute by means of motions for summary judgment, judgment on the pleadings, and judgment for nonsuit, shall apply and be observed.

5.      This Court shall retain jurisdiction of this matter to enforce the stipulation to arbitrate this matter, to enforce any arbitration award and to perform any other roles as permitted by the Federal Arbitration Act and *Armendariz v. Foundation Health Psychcare Services, Inc.* (2000) 24 Cal.4th 83.

///

1    6.      By signing this Stipulation, counsel of record for both Plaintiff and Defendant represent

2    that they have full authority from their respective clients to enter into this Stipulation on their

3    clients' behalf.

4    7.      This stipulation may be completed in duplicate parts and facsimile copies are accepted

5    as originals, all of which shall constitute one and the same stipulation.

6

7    IT IS SO STIPULATED.

8

9

10

11

12   DATED:  October 3, 2016                    FISHER & PHILLIPS LLP

13                                              By:/s/ Annie Lau
                                                   Jason A. Geller
14                                                 Annie Lau
                                                   Attorneys for Defendant
15                                                 BROOKDALE HEALTHCARE &
                                                   WELLNESS CENTRE, LP
16

17   DATED:  October 3, 2016                    LAW OFFICE OF FRANK E. MAYO

18
                                                By:/s/ Frank E. Mayo
19                                                 Frank E. Mayo
                                                   Attorneys for Plaintiff
20                                                 KESETE B. HINTSA

21

22

23

24

25

26

27

28

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## [PROPOSED] ORDER

**PURSUANT TO STIPULATION, IT IS SO ORDERED:** that the matter entitled *KESETE B. HINTSA vs. ROCKPORT HEALTH SERVICES dba WINDSOR HEALTHCARE CENTER OF OAKLAND A CALIFORNIA CORPORATION* (Case No. 4:16-CV-04045-YGR) is hereby submitted to binding arbitration pursuant to the terms of the Arbitration Agreement signed by Plaintiff.  This action will be stayed pending the outcome of the arbitration.

DATED:_____          _____

                                                          HONORABLE YVONNE GONZALEZ ROGERS
                                                          UNITED STATES DISTRICT JUDGE